﻿Citation Nr: AXXXXXXXX
Decision Date: 02/22/19 Archive Date: 02/21/19

DOCKET NO. 181004-804
DATE: February 22, 2019

ORDER

Entitlement to an effective date earlier than September 29, 2016 for the assignment of a 100 percent evaluation for bladder cancer is denied.

FINDING OF FACT

The Veteran submitted a claim to reopen his previously denied claim for service connection for bladder cancer on September 29, 2016.

CONCLUSION OF LAW

The criteria for entitlement to an earlier effective date, prior to September 29, 2016, for the grant of service connection for bladder cancer, have not been met. 38 U.S.C. §§ 5101, 5110 (West 2014); 38 C.F.R. § 3.400 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran had active military service from February 1953 to July 1973. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

The Veteran contends that the effective date of the grant of service connection for his bladder cancer should be earlier than September 29, 2016. The Board notes that in December 2007, the RO denied entitlement to service connection for bladder cancer which the Veteran had claimed as due to either herbicide exposure or exposure to water at Camp Lejeune. The Veteran did not file a timely notice of disagreement with respect to that decision or submit any pertinent evidence within the appeal period, and the decision became final.

Subsequently, on September 29, 2016, the Veteran filed a claim to reopen his claim for service connection for bladder cancer. In June 2017, service connection for bladder cancer was granted with an effective date of March 14, 2017, the date the law changed allowing VA to presumptively grant this type of claim based on service at Camp Lejeune. Thereafter, in March 2018, the RO changed the effective date of the grant of service connection for bladder cancer to September 29, 2016, the date the claim to reopen was received. The Veteran contends that the effective date of the grant of service connection for bladder cancer should be the date of his original claim for service connection. 

The Board notes that the request that the presumption allow retroactive effective dates was specifically rejected when the Camp Lejeune regulation was promulgated. The rule does not apply retroactively to claims that were finally adjudicated. VA must adhere to the provisions of its change of law regulation, 38 CFR 3.114, which states that where pension, compensation, dependency and indemnity compensation is awarded or increased pursuant to a liberalizing law, or a liberalizing VA issue approved by the Secretary or by the Secretary’s direction, the effective date of such award or increase shall be fixed in accordance with the facts found, but shall not be earlier than the effective date of the act or administrative issue. See Diseases Associated with Exposure to Contaminants in the Water Supply at Camp Lejeune, 82 Fed Reg 4173 at 4180.

The appropriate effective date of a claim to reopen a previously denied issue is the later of the date entitlement arose or the date of receipt of the reopened claim unless the new and material evidence consists of service department records, in which case the effective date will be the later of the date entitlement arose or the date of receipt of the earlier claim. 38 U.S.C. 5110; 38 C.F.R. 3.400 (2017). The Board acknowledges that additional service departments records were added to the record after the Veteran’s December 2007. However, these records are not relevant as the service department records at the time of the December 2007 rating decision already established that the Veteran was at Camp Lejeune. See 38 C.F.R. § 3.156 (c); Kisor v. Shulkin, 869 F.3d 1360 (Fed. Cir. 2017), reh’g denied, 880 F.3d 1378 (2018). Therefore, although the Veteran may have had bladder cancer prior to September 29, 2016, the appropriate effective date is the later date of receipt of the claim.

(Continued on the next page)

 

Therefore, entitlement to an earlier effective date, prior to September 29, 2016, for the grant of service connection for bladder cancer is not warranted.

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Mountford, Associate Counsel